For plaintiff: Knauer and Fowler.

For defendant: Clifford, Whipple & Sweeney.

James S. Lynch
vs. } No. 92632.
William C. Dunn, et al.

January 7, 1935.

O'CONNELL, J. Heard on defendants' motion for a new trial after verdict for the plaintiff in the sum of $100.00. The action was for false imprisonment and assault.

According to the evidence the plaintiff was arrested by the defendant Dunn, early in the morning of July 2, 1933, for an alleged traffic violation and (or) an alleged failure to show his license and registration, and was later ordered locked up by the other defendant, Sergeant Charles W. Rathbun. No charge was formally placed against him, but he was booked as a suspicious person, and later released, no other charge having been placed against him since that time to the date of trial.

Section 75 of Chapter 407 of the General Laws of 1923 provides as follows:

"Every officer authorized to make an arrest for any criminal offense, may arrest without complaint and warrant, any person who commits any criminal offense in his jurisdiction, when such officer has view of the same, or when the offender is taken or apprehended in the act by any person. Such officer may also arrest without complaint and warrant, any person for whom a warrant of arrest has been issued, although such warrant at the time of such arrest may not be in the possession of such officer. Any person so arrested may be detained a reasonable time not exceeding twenty-four hours, for the purpose of making an investigation concerning such person, but no person so arrested shall be detained longer than twenty-four hours without complaint being made against him before some proper court or justice. If the officer making the arrest shall at any time within the said twenty-four hours, satisfy himself that there is no ground for making a criminal complaint against the person arrested, such person shall thereupon be discharged from custody."

The plaintiff's detention as a suspicious person was doubtless based upon the foregoing section of the General Laws.

This statute has not been construed by the Courts of the state, so far as it relates to holding one as a suspicious person or for the purpose of investigation. This Court is of the opinion that a person arrested as the defendant, could be held for investigation, only when there exists a reasonable and probable ground of suspicion against him and that a duty devolves upon the arresting authorities to conduct a real and bona fide investigation, with reasonable diligence.

5 *Corpus Juris* 399, Paragraph 30 *et seq.*

The Court believes that the jury was justified and warranted in finding by a fair preponderance of the credible testimony that no reasonable ground of suspicion existed at the time of the plaintiff's detention as a suspicious person and that the investigation was, at the best, merely perfunctory and not a real, bona fide investigation through which any suspicion, if it existed in the minds of the police authorities, would have been removed, so that the plaintiff would have been sooner discharged from custody.

The damages awarded to the plaintiff were clearly not excessive in view of the humiliation which he endured and the publicity attaching to his arrest and detention.

The defendants' motion for a new trial is denied.

For plaintiff: Peter W. McKiernan.

For defendants: Clifton I. Munroe.